IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TED GRIFFIN, | : |
|     Plaintiff, | : |
| v. | :     5:04-cv-348 (DF) |
| GEORGE RUNYON, JR., | : |
|     Defendant. | : |

## O R D E R

Before the Court is Defendant's Motion for Attorney's Fees (doc. 32). Defendant requests an award for attorney's fees and costs in the amount of $13,000 for defending an excessive force claim filed against him. For the reasons stated below, Defendant's motion is DENIED.

### Facts

The facts in this case have been set forth in great detail in the Order granting Summary Judgment (doc. 30), and will not be fully recounted here. However, a brief recitation of the events is in order. Plaintiff Griffin is a self-employed general contractor. On March 30, 2004, Plaintiff drove to a subdivision that was under development and began to survey several lots that he was interested in purchasing. The lots Plaintiff was surveying were adjacent to lots occupied by residents of a neighboring subdivision. Two residents of the occupied lots noticed Plaintiff wandering near their backyards, and they called out to Plaintiff, who ignored them. This prompted the residents to call the police, and Defendant Runyon was the first officer to arrive on the scene.

Upon arriving, Defendant asked Plaintiff why he was on the property. After explaining his reasons, an argument ensued about whether Plaintiff owned the land he was surveying, and whether

his presence there was lawful. The argument culminated in Plaintiff's insistence that he would no longer respond to any more of Defendant's questions. Defendant reacted by grabbing Plaintiff and demanding that Plaintiff come with him. Plaintiff retreated and attempted to call the police himself on a mobile phone. Plaintiff ignored several of Defendant's commands to return to the area, and Defendant responded by spraying pepper spray in Plaintiff's face.

The spray did not immediately subdue Plaintiff, who returned to his vehicle in an attempt to find a water spigot and seek relief from the pepper spray. Before he could enter his vehicle, Defendant sprayed Plaintiff a second time. Undeterred, Plaintiff was able to enter his vehicle, drive off to an adjoining lot, and find a water source to relieve the pain. After driving off, Plaintiff had no further contact with Defendant. By this time, several other officers had arrived on the scene. One of the officers, an acquaintance of Plaintiff, told Plaintiff that he was free to leave.

Plaintiff filed a § 1983 claim against Defendant in his individual capacity. After discovery, Defendant filed a summary judgment motion which this Court granted. Defendant now moves this Court for an award of attorneys' fees.

## **Discussion**

This action is brought pursuant to 42 U.S.C. § 1988, which allows "the court, *in its discretion*, [to] allow the prevailing party, other than the United States, a reasonable attorney's fee." 42 U.S.C. § 1988 (2006) (emphasis added). Defendant, the prevailing party in the underlying lawsuit, contends that he is entitled to attorney's fees for having to defend against Plaintiff's civil rights claim. While § 1988 grants courts the discretion to award attorney's fees, the Supreme Court, in ***Christiansburg Garment Co. v. EEOC***, set forth the rules that determine the appropriateness of an attorney fee award: "[A] plaintiff should not be assessed his opponent's attorney's fees unless a

court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." 434 U.S. 412, 422 (1978). While not dispositive on the issue of a grant of attorney's fees, the frivolity, *vel non*, of Plaintiff's claim is a threshold issue that must be decided before this Court will consider the propriety of an award of attorney's fees to Defendant. ***Tang v. Dep't of Elderly Affairs***, 163 F.3d 7, 15 (1st Cir. 1998) ("[T]he finding of frivolity [is] a necessary prerequisite. Notwithstanding such a finding, the district court still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case.")

The Eleventh Circuit addressed the issue of frivolity in ***Sullivan v. School Bd.***, noting: "Factors considered important in determining whether a claim is frivolous [] include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." 773 F.2d 1182, 1189 (11th Cir. 1985). The Eleventh Circuit meant for these three elements to be used as general guidelines in determining frivolity, not as hard and fast rules. "Determinations regarding frivolity are to be made on a case-by-case basis." ***Quintana v. Jenne***, 414 F.3d 1306, 1309 (11th Cir. 2005) (quoting ***Sullivan***, 773 F.2d at 1189).

Satisfaction of the three elements in ***Sullivan***, standing alone, will not automatically result in a finding of frivolity. Instead, such a determination must be made on a case-by-case basis. Defendant seems to think that his earlier victory entitles him to an award of attorney's fees. However, "[s]imply because the district court granted the defendants' motion for summary judgment does not mean that the plaintiffs' action was frivolous." ***O'Neal v. DeKalb County***, 850 F.2d 653, 658 (11th Cir. 1988).

This Court is not inclined to consider Plaintiff's claim frivolous, groundless, or unreasonable,

notwithstanding its dismissal on Defendant's Motion for Summary Judgment. This is not to say that the Court does not agree with arguments put forth by Defendant in both his initial Motion for Attorneys' Fees, as well as his reply. It is true that Plaintiff's response to Defendant's motion failed to address Defendant's legal arguments or the guidelines enumerated by the Eleventh Circuit for determining frivolity. However, the award of attorneys' fees is within the discretion of the Court, and the reasonableness of Plaintiff's claim itself–and not his allegedly inadequate response to Defendant's Motion for Attorney's Fees–determines whether such relief is warranted. "In determining whether a suit is frivolous, a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan*, 773 F.2d at 1189 (internal citation omitted).

In the case at bar, Plaintiff was repeatedly pepper sprayed by a police officer. Plaintiff's alleged offense–trespassing–was relatively minor. Plaintiff did not resist arrest. Plaintiff did not flee the scene. Plaintiff was ultimately released without being arrested. While the law of excessive force in this jurisdiction is not on Plaintiff's side, the Court is hesitant to deem the facts on which Plaintiff based his case so meritless as to label his claim unreasonable and groundless. After all, the Eleventh Circuit has held that an officer's overzealous use of pepper spray exceeded the amount of force the officer was authorized to use under the circumstances. *See Vinyard v. Wilson*, 311 F.3d 1340, 1348 (11th Cir. 2002) ("Courts have consistently concluded that using pepper spray is excessive force in cases where the crime is a minor infraction, the arrestee surrenders, is secured, and is not acting violently, and there is no threat to the officers or anyone else.").

That the discovery process did not yield sufficient evidence to support Plaintiff's case does not change this Court's viewpoint. *See Christiansburg*, 434 U.S. at 422 ("Even when the law or the

facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."). Nor may this Court rely on the benefit of hindsight to assess the frivolity of this case. "[I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id.* at 421-22.  Therefore, because Plaintiff's claim was not frivolous, the Court's attorney's fees inquiry ends here.

## Conclusion

Notwithstanding the grant of Defendant's Motion for Summary Judgment, this Court does not find that Plaintiff's claim was frivolous, unreasonable, or groundless.  Accordingly, Defendant's Motion for Attorneys' Fees (doc. 32) is hereby DENIED.

SO ORDERED, this 27th day of October, 2006.

                                            **/s/ Duross Fitzpatrick**
                                            DUROSS FITZPATRICK, JUDGE
                                            UNITED STATES DISTRICT COURT

DF/cbb